### DEVEREAUX *v.* HUBBARD.

1. HUSBAND AND WIFE—HOMESTEAD—FRAUD—ACTION FOR DAMAGES.

   Whether a husband, when his wife owns the title to a homestead, has, by virtue of the marital relation, such an interest as entitles him to damages when she has by fraud been induced to part with it,—*quære.*

2. SAME—PARTIES.

   In any event, the wife is a necessary party to an action to recover such damages.

3. SAME—FRAUD AGAINST WIFE.

   A husband cannot recover damages because, "through his impaired mental condition," he was "induced and persuaded to cause and procure his wife to trade and sell her land for certain other lands," the right of action, if any, being in the wife.

4. MENTAL CAPACITY — OVERREACHING — INSUFFICIENT DECLARATION.

   A declaration which alleges that plaintiff, when incapable of

"reasonably and properly managing and conducting his own business affairs," was induced to sell his land to defendant, but avers no false representations, does not state a cause of action.

Error to Clinton; Daboll, J. Submitted April 8, 1898. Decided May 17, 1898.

Case by George W. Devereaux against William A. Hubbard and Addie J. Hubbard for fraudulently inducing plaintiff to sell and exchange certain lands. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

The declaration alleges that plaintiff was, on May 11, 1896, the owner of certain described lands, of the value of $4,500, subject to an incumbrance of $1,000; that his wife owned a certain other described piece of land, which they occupied as a homestead, of the value of $1,500, in which he had a homestead right; that he also owned a livery stock in Owosso, of the value of $1,500; that he was then mentally incompetent to manage his own business affairs; that his said incompetency was well known to defendants; that said defendants falsely and fraudulently persuaded and induced said plaintiff to sell and exchange his said lands, and also induced and persuaded him to cause and procure his wife to trade and sell her land, for certain other described lands, of the value of $4,000, which were subject to an incumbrance of $2,500, and certain personal property of the value of $250; and claims damages of $10,000. Defendants pleaded the general issue. Upon the trial they objected to the introduction of any evidence, upon the ground that the declaration did not set forth a cause of action. The court so ruled, and directed a verdict for the defendants. It was conceded that the deeds had been executed, that plaintiff had not offered to redeed, that his wife owned the homestead, and that she had not offered to redeed.

*Almond G. Shepard* and *Edwin H. Lyon*, for appellant.

*High & Everett,* for appellees.

GRANT, C. J. (*after stating the facts*). 1. Plaintiff's wife is not before the court complaining of the transaction. It is obvious that he cannot recover in his own right for any damages she may have suffered in parting with her property. He had no homestead right àpart from hers, and cannot maintain a separate action for damages, even if she had been fraudulently induced to sell the homestead. Whether a husband, when his wife owns the title to a homestead, has, by virtue of the marital relation, such an interest as entitles him to damages when she has by fraud been induced to part with it,—*quære.* But, if he has, both must join in the suit to recover the damages. It would seem that the sole remedy ought to be in the one who owns the title. In any event, the law does not tolerate a suit by each. Under plaintiff's own theory his wife was a necessary party.

2. The proposition that a husband is entitled to damages because, through his "impaired mental condition," he was "induced and persuaded to cause and procure his wife to trade and sell her land for certain other lands," does not merit discussion. She alone is interested in such a transaction, and entitled to damages on account of any fraud.

3. Plaintiff had not been adjudged incompetent at the time of this transaction, nor has he yet, for this suit is brought in his own name. The declaration does not allege any fraudulent representations. It does not allege such incompetency as is recognized by the statute of this State as a cause for the appointment of a guardian. The statute requires that he should be "mentally incompetent to have the charge and management of his property." 2 How. Stat. § 6314. The allegation in the declaration is that plaintiff was "mentally incapable of reasonably and properly managing and conducting his own business

affairs." Many men lack business ability, judgment, and discernment, but their contracts cannot, for that reason, be set aside. In order to avoid a deed, the party must show that the grantor had not sufficient capacity to understand the nature and consequences of his own act. Jones, Real Prop. § 48. Were plaintiff before a court of chancery, seeking to set his deed aside, and offering to place the defendants *in statu quo*, relief would not be granted him by showing that he was "mentally incapable of reasonably and properly managing and conducting his business affairs." When he seeks in a court of law to ratify his deed and contract, keep what he has, and have a court or jury decide how much more he ought to have had, he must both allege and show, in the absence of fraudulent representations, that his mental incompetency was such as would avoid a deed. No such degree of incompetency is alleged.

The judgment is affirmed.

The other Justices concurred.